

KC FILED
DEC 17 2007
DEC 17 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY BROWN, ) | 07CV7080 |
|     Plaintiff, ) | JUDGE ZAGEL |
| ) | MAGISTRATE JUDGE VALDEZ |
| v. ) | |
| ) | |
| ILLINOIS WASTE MANAGEMENT AND ) | JURY TRIAL DEMANDED |
|   RESEARCH CENTER, a division of the ) | |
| ILLINOIS DEPT. OF NATURAL RESOURCES, a ) | |
|   department of the STATE OF ILLINOIS, ) | |
| Timothy Lindsey, Katie Day and George Vander ) | |
| Velde, ) | |
|     Defendants. ) | |

## COMPLAINT AT LAW

Now comes the Plaintiff, JERRY BROWN, Pro Se, 1520 Lee Boulevard, Berkeley, IL 60163, and hereby submits this complaint against the defendants, the ILLINOIS WASTE MANAGEMENT AND RESEARCH CENTER, a division of the ILLINOIS DEPARTMENT of NATURAL RESOURCES, a department of the STATE OF ILLINOIS, Timothy Lindsey, Katie Day and George Vander Velde.

## JURISDICTION AND VENUE

1. This is an action brought to remedy discrimination on the basis of race, ancestry and national origin in the terms, conditions and privileges of employment and to remedy injuries suffered by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq., as amended by the Civil Rights Act of 1991 ("Title VII").

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. 2000e(f), (g) and (k) et seq.

3. Plaintiff, Jerry Brown, a Black engineer employed with the Illinois Waste Management and Research Center (WMRC) whose national origin is African-American, filed a Charge of Discrimination against WMRC with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR) on or about July 6, 2007, (Charge

No. 440-2007-06205) complaining of the acts of discrimination alleged herein. [Charge of Discrimination is Attached hereto as Appendix A].

4. On or about September 21, 2007, the EEOC issued a Dismissal and Notice of Rights Letter allowing the Plaintiff to sue the Defendants in federal court. [Dismissal and Notice of Rights Letter is Attached hereto as Appendix B].

5. Plaintiff Jerry Brown has complied fully with all the prerequisites to jurisdiction in the Court under Title VII. The court has original federal question jurisdiction pursuant to 28 U.S.C. 1331 and 1343.

6. As the unlawful employment practices complained of herein occurred within the Northern District of Illinois, venue is proper in this District.

## PARTIES

7. Plaintiff Jerry Brown is an Assistant Professional Scientist with WMRC, a position he has held since being hired by WMRC in November 1994.

8. Defendants are WMRC, a division within the Illinois Department of Natural Resources (IDNR), a department of the State of Illinois, and Timothy Lindsey, Katie Day and George Vander Velde, employees of WMRC. All actions alleged in this complaint which were taken by any persons, agents, or employees of the State of Illinois took place within the scope of their authority given them by the State of Illinois and pursuant to those agents' and employees' official capacities and responsibilities.

9. Defendant State of Illinois is an "employer" within the meaning of Title VII, its actions are governed by Title VII, and it employs more than 500 employees in each of 20 or more calendar weeks in the current or preceding year. 42 U.S.C. 2000e(b) and 1981a(b)(3).

## STATEMENT OF CLAIM

10. Plaintiff has been employed by WMRC, a division of IDNR, a department of the State of Illinois since November 1994. Plaintiff's initial salary was already significantly below market salaries for Plaintiff's qualifications and also significantly below the salaries of similarly educated and experienced engineers working at WMRC. During the time Plaintiff has worked

for WMRC, Plaintiff's salary has risen less than the rate of inflation, according to Plaintiff's calculations. Other professional employees (non-Black) with WMRC have received significant salary increases through the promotion process and through regular annual salary increases. Plaintiff is the only professional engineer that has been treated differently. Plaintiff is a Black male.

11. Plaintiff works in the Pollution Prevention (P2) Group of WMRC. The P2 Group's Manager is Dr. Timothy Lindsey. At the time of the events of this complaint, Plaintiff's supervisor was Dr. Lindsey.

12. WMRC's refusal to pay Plaintiff on par with non-Black staff members led Plaintiff to file internal grievances and complaints at law against WMRC. Despite satisfactorily completing work assignments, Plaintiff's supervisor has downgraded Plaintiff's performance based on unfounded, speculative reasoning and untrue statements. When Plaintiff challenged the evaluation and refuted it with facts, Plaintiff's supervisor refused to reply, saying that the matter was closed and leaving the unfounded and inaccurate statements in Plaintiff's file.

13. Plaintiff filed a grievance with WMRC upper management. A review of the matter by WMRC upper management found no "unjust or injurious interpretation or appplication of any policy, procedure or rule" on the part of WMRC management.

### FIRST CAUSE OF ACTION

14. Plaintiff incorporates the allegations of paragraphs 1 through 13 above and, in addition, states that Defendants' conduct in repeatedly downgrading Plaintiff's performance evaluation and in repeatedly failing to pay Plaintiff in line with other non-Black employees with similar education, experience and demonstrated skill level constitutes willful and illegal discrimination on account of Plaintiff's race, national ancestry and origin in violation of Title VII, 42 U.S.C. 2000(e) et seq.

### SECOND CAUSE OF ACTION

15. Plaintiff incorporates the allegations of paragraphs 1 through 14 above and, in addition, states that Defendants' conduct constitutes willful and illegal discrimination on account

- 3 -

of and in retaliation for Plaintiff filing previous complaints of race, national origin, and national ancestry discrimination in violation of Title VII, 42 U.S.C. 2000(e) et seq.

WHEREFORE Plaintiff JERRY BROWN respectfully requests and prays that this Court enter judgment in favor of the Plaintiff and against Defendants for the following relief:

1. that the court find and declare that the Defendants engaged in race, national ancestry, and national origin discrimination against the Plaintiff in denying Plaintiff equal pay consistent with that of non-Blacks of similar education, experience and job accomplishments;

2. that the court find and declare that the Defendants engaged in wrongful and illegal retaliation against the Plaintiff for exercising his lawful right to complain of discrimination against the Defendants by filing charges of race, national origin and national ancestry discrimination with the IDHR and EEOC and by filing a Complaints At Law against the Defendants with the U.S. District Court;

3. that the court order the Defendants to pay the Plaintiff in accordance to the pay scale afforded to non-Black employees, a salary that he would have been paid had he not been the victim of race, national origin and national ancestry discrimination;

4. that the court order full back pay at the rate of compensation Plaintiff would have achieved had he not been the victim of wrongful discrimination on account of his race, national origin and national ancestry, plus interest;

5. that the court order full and complete compensatory damages for the violation of the Plaintiff's rights to be free from race, national origin and national ancestry discrimination including monetary damages for pain, suffering, humiliation, damage to Plaintiff's reputation, and loss of economic advantages and opportunities he would have gained if he had not been discriminated against;

6. that the court order WMRC to make its promotion process and salary process clear to all its employees and that WMRC post notices for all open positions within its organization;

- 5 -

    7.  that the court order WMRC to actively seek to hire more minority employees and that WMRC pay its minority staff at levels consistent with its non-minority employees for similar experience levels, education levels, responsibilities, job functions and job performance;

    8.  that the court award attorneys fees and costs in prosecuting and pursuing relief for the unlawful discrimination alleged herein;

    9.  that the court award any other relief which is equitable and just.

Respectfully submitted,

Jerry C. Brown
Pro Se

1520 Lee Boulevard
Berkeley, IL 60163
(708) 544-2994

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 440-2007-06205 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Jerry C. Brown | (708) 544-2994 | 02-16-1953 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1520 Lee Blvd., Berkeley, IL 60163 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| IL WASTE MANAGEMENT & RESEARCH | 500 or More | (630) 472-5016 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1010 Jorie Blvd. Suite 12, Oak Brook, IL 60523 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-06-2006   Latest: 07-06-2007

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent in or around November 1994, and my current position is Manufacturing Process Engineer. I engaged in protected activity. As a result, I have been subjected to different terms and conditions of employment.

I believe I have been discriminated against because of my race, Black, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
JUL 06 2007
CHICAGO DISTRICT OFC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jul 06, 2007    *Jerry C Brown*<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

APPENDIX A

EEOC Form 161 (3/98)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Jerry C. Brown
1520 Lee Blvd.
Berkeley, IL 60163

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL 7099 3400 0018 8818 6497

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-06205 | Emily McFarlin, Investigator | (312) 353-7312 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)          John P. Rowe,          9/21/07
                       District Director      (Date Mailed)

cc:   IL WASTE MANAGEMENT & RESEARCH

APPENDIX B