**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JERRY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 07 C 7080 |
| | ) | |
| ILLINOIS WASTE MANAGEMENT | ) | Honorable James B. Zagel |
| And RESEARCH CENTER, a division of | ) | |
| The Illinois Department of Natural | ) | Magistrate Judge Valdez |
| Resources, a Department of the State of | ) | |
| Illinois, TIMOTHY LINDSEY, KATIE DAY | ) | |
| And GEORGE VANDER VELDE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION**
**TO DISMISS PLAINTIFF'S COMPLAINT AT LAW**

Defendants, the Illinois Waste Management and Research Center, a division of the Illinois

Department of Natural Resources, a Department of the State of Illinois, Timothy Lindsey, Katie Day

and George Vander Velde, ("Defendants"), by and through their attorney, Illinois Attorney General

Lisa Madigan, hereby submit their Memorandum of Law in Support of their Motion to Dismiss

Plaintiff's Complaint at Law.


I.    **FACTS**

Plaintiff, Jerry Brown, appearing *pro se*, sues Defendants, the Illinois Waste Management

and Research Center, a division of the Illinois Department of Natural Resources, ("IDNR"), Timothy

Lindsey, ("Lindsey"), Katie Day, ("Day"), and George Vander Velde, ("Vander Velde"), under Title

VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et. seq.*, as amended by the Civil Rights Act of

1991 (Title VII), for discrimination and retaliation based on Plaintiff's race, national origin, ancestry

and color. (A true and correct copy of the Plaintiff's Complaint at Law is attached hereto as **Exhibit A**.)    Plaintiff has been employed with the Illinois Waste Management and Research Center, ("WMRC"), a division of IDNR, most recently as an Assistant Professional Scientist, since November 1994. (**Exhibit A**, ¶ 7)

Prior to the instant lawsuit, on January 1, 2002, Plaintiff sued the IDNR in the U.S. District Court for the Northern District of Illinois, Eastern Division, alleging violations of Title VII of the Civil Rights Act of 1964, ("Title VII"), on the basis of his race, when he was denied a promotion and pay raise, and retaliation for filing EEOC charges of discrimination, (hereinafter, "*Brown I*"). Defendant IDNR filed a Motion for Summary Judgment, which was granted in its entirety and subsequently affirmed on appeal.  See Brown v. Ill. Dept. of Natural Resources, 499 F.3d 675 (7th Cir. 2007)(A true and correct copy of the court's decision on appeal is attached hereto as **Exhibit B**.)

While the Motion for Summary Judgment was still pending in *Brown I*, Plaintiff filed another Complaint under Title VII alleging similar claims that IDNR failed to promote him and failed to pay him "in line with other non-Black employees…" (hereinafter, "*Brown II*"). (A true and correct copy of the Complaint in *Brown II* is attached hereto as **Exhibit C**.)  Following extensive written discovery by the parties, the Honorable Judge Shadur issued two Memorandum Orders addressing the ability of Plaintiff to raise certain claims.  The first Order, dated September 10, 2007, instructed Plaintiff that the court's decision in *Brown I*, combined with the recent decision by the U.S. Supreme Court in Ledbetter v. Goodyear Tire & Rubber Co., 127 S.Ct. 2162 (2007), narrowed Plaintiff's potential claims to the failure to promote him in 2004, and gave Plaintiff an opportunity to produce to the court certain evidence in support of his discrimination and retaliation claim. (A true and correct copy of the Order in *Brown II* is attached hereto as **Exhibit D**.) The second Order addressed Plaintiff's production of the information requested by the court, and found that Plaintiff's claim in

*Brown II* was limited to whether IDNR retaliated against Plaintiff by giving him a "minimal salary increase" in late 2005. (A true and correct copy of the second Order in *Brown II* is attached hereto as **Exhibit E**.) At present, the parties are engaged in discovery on that specific claim.

While discovery was still underway in *Brown II*, Plaintiff filed another Complaint under Title VII alleging similar claims that IDNR discriminated and retaliated against him "in failing to consider [him] for the position of Oak Brook Office Supervisor and in repeatedly failing to pay [him] in line with other non-Black employees." (hereinafter, "*Brown III*"). (A true and correct copy of the Amended Complaint in *Brown III* is attached hereto as **Exhibit F**.) Plaintiff filed his Amended Complaint in *Brown III* after the court granted IDNR's Motion to Dismiss Portions of Plaintiff's Complaint, narrowing Plaintiff's ability to bring certain claims. (A true and correct copy of the Order in *Brown III* is attached hereto as **Exhibit G**.) The parties have just begun the written discovery process and exchanged Rule 26(A) Initial Disclosures in *Brown III*.

In the instant Complaint, similar to his claims in *Brown I*, *Brown II*, and *Brown III*, Plaintiff alleges that the Defendants discriminated and retaliated against him "in repeatedly failing to pay [him] in line with other non-Black employees" and in "repeatedly downgrading [his] performance evaluation." (**Exhibit A**, ¶¶12, 14) Plaintiff further states that the Defendants' alleged conduct was "in retaliation for Plaintiff filing a grievance and a complaint of race, national origin and national ancestry discrimination." (**Exhibit A**, ¶ 15) Defendants move to dismiss Plaintiff's Complaint for the following reasons:

1.  Individual employees Timothy Lindsey, Katie Day, and George Vander Velde are not subject to liability under Title VII.

2.  Plaintiff's claim that Defendants discriminated or retaliated against him by allegedly "downgrading" his performance evaluation, as a matter of law, does not rise to the level of an adverse employment action.

2. Plaintiff's claim that Defendants discriminated or retaliated against Plaintiff by failing to pay him equal wages does not allege any discrete action that occurred within 300 days of July 6, 2007, when he filed his EEOC charge.

3. Plaintiff's allegations should be dismissed, to the extent that they are duplicative of claims adjudicated in *Brown I*, *Brown II*, and *Brown III*, and/or barred by the doctrine of *res judicata*, or claim preclusion.

4. Plaintiff did not allege discrimination based on his national origin or ancestry in his EEOC charge of discrimination;

5. Plaintiff fails to sue the proper Defendant in this case, as the WMRC is a division of IDNR.

## II.     STANDARD OF REVIEW

The purpose of a Motion to Dismiss is to test the sufficiency of the Complaint, not the merits of the lawsuit. Triad Associates, Inc. v. Chicago Housing Authority, 892 F.2d 583, 586 (7th Cir. 1989). Notwithstanding the "simplified notice pleading" requirement of the Federal Rules of Civil Procedure, dismissal is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957).

Defendant is mindful that, when considering a motion to dismiss, the court should review the facts in the complaint in the light most favorable to the non-moving party. Hentosh v. Herman M. Finch Univ., 167 F.3d 1170, 1173 (7th Cir. 1999). The court should take all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Veazey v. Communications & Cable of Chicago, 194 F.3d 850, 853 (7th Cir. 1999). A motion to dismiss may be granted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III.    ARGUMENT[1]

#### A.    Plaintiff's Title VII Allegations Against Timothy Lindsey, Katie Day and George Vander Velde Should be Dismissed.

The Seventh Circuit has held that "individuals who do not otherwise meet the statutory definition of an 'employer' cannot be held liable" under Title VII.  EEOC v. AIC Security Invest., 55 F.3d 1276, 1282, n.10 (7th Cir. 1995); see also Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 493-94 (7th Cir. 1998) (affirming district court's dismissal of individual defendants because they were not covered by Title VII).  The rationale behind this rule is two-fold.  First, the Court noted that "at the time [Congress] defined 'employer' in . . . Title VII, . . . Congress granted only remedies that an employing entity, not an individual, could provide." AIC Security, 55 F.3d at 1281. Second, the Court noted, "Congress enacted no cap for individuals," thus implying that "it did not consider individuals liable."  Id.

In the instant case, Plaintiff names three individual employees of IDNR, specifically Timothy Lindsey, Katie Day, and George Vander Velde.  (See Exh. A, ¶8) As individuals, these IDNR employees are not subject to liability under Title VII.  Accordingly, Plaintiff's Title VII allegations against them must be dismissed.

#### B.    Plaintiff's Complaint Fails to Allege a Timely Adverse Employment Action.

Though his Complaint potentially addresses a longer time period, Plaintiff is restricted to seeking relief for alleged discriminatory or retaliatory acts that occurred not more than 300 days prior to the filing of his EEOC charge.  Under Title VII, a claimant must file a charge with the EEOC within 300 days of the occurrence of the alleged employment action serving as the basis of

---

[1] Defendants do not concede that the allegations in the Complaint are true.  For purposes of this Motion only, however, Defendants recite "facts" as alleged in the Complaint.

the charge.  42 U.S.C. §2000e-5(e); <u>Koelsch v. Beltone Electronics Corp.</u>, 46 F.3d 705, 707 (7th Cir.

1995); <u>Burmistrz v. City of Chicago</u>, 186 F.Supp.2d 863, 871 (N.D. Ill. 2002).  The failure to file a

charge within 300 days renders the charge untimely and the claimant is precluded from filing the

claim in court.  <u>Burmistrz</u>, 186 F.Supp.2d at 871.  The 300-day limitations period begins running

when the defendant takes the action that allegedly injures the plaintiff and when the plaintiff knows

that he was injured.  <u>Id.</u>, at 872.

Plaintiff's Complaint focuses on two separate allegations:  that Defendants "downgraded" his

performance evaluations – and that they failed to pay him "in line with other non-Black employees."

(Exh. A, ¶ 10, 12, 14)  However, the Complaint does not allege *any* discrete adverse employment

action that took place within 300 days prior to July 6, 2007, when Plaintiff filed his EEOC charge.

> **1.    Plaintiff's allegation that his performance evaluations were "downgraded" does not rise to the level of an adverse employment action.**

Even if Plaintiff's Complaint had included allegations that he received a "downgraded"

performance evaluation within 300 days of July 6, 2007, dismissal still would be proper with respect

to this claim.  To state a cause of action for discrimination under Title VII, a plaintiff must allege

that he suffered an "adverse employment action."  <u>Maarouf v. Walker Manufacturing Co.</u>, 210 F.3d

750, 751 (7th Cir. 2000).  A "poor performance evaluation alone, even if undeserved, is not an

adverse action."  <u>Speer v. Rand McNally & Co.</u>, 123 F.3d 658, 663 (7th Cir. 1997).  Rather, to be

actionable, a poor evaluation must be accompanied by some tangible job action, such as a demotion,

discharge, or other loss of benefits.  <u>Smart v. Ball State University</u>, 89 F.3d 437, 442 (7th Cir. 1996).

In his Complaint, Plaintiff makes the bare assertion that his supervisor "downgraded [his]

performance based on unfounded, speculative reasoning and untrue statements." (Exh. A, ¶12)

However, Plaintiff does not allege that the allegedly inaccurate performance evaluation was

accompanied by or resulted in any tangible job action.  His failure to do so dooms his race discrimination and retaliation claim with respect to his performance evaluations.

### 2.  Plaintiff's allegation that he received unequal pay does not include any discrete employment action that occurred within 300 days of his EEOC charge.

As for Plaintiff's allegation that his salary is not "in line with other non-Black employees with similar education, experience and demonstrated skill level," his failure to identify any discrete employment action that occurred within 300 days of his EEOC charge is grounds for dismissal of this claim.  The recent holding of the Supreme Court in Ledbetter v. Goodyear Tire & Rubber Co., Inc. is directly applicable in this case, where Plaintiff alleges in his Complaint a pattern of ongoing discriminatory and retaliatory treatment with respect to his salary. See 127 S.Ct. 2162, 2007 WL 1528298 (May 29, 2007).  Plaintiff is precluded by Ledbetter from couching his allegations of unequal pay as a "cumulative effect of individual acts."  See id. at *12 (distinguishing between "discrete" acts of discrimination and a succession of acts comprising a "hostile work environment").

In Ledbetter v. Goodyear Tire & Rubber, Co. the Court held that a plaintiff who alleges unequal pay under Title VII must identify a discrete act of discrimination within the requisite statute of limitations period, such as a failure to promote or other pay-related decision. 127 S.Ct. 2162, 2007 WL 1528298, *7-8 (May 29, 2007).  The Court rejected the plaintiff's claim that the mere continuing *effects* of her employer's past decisions gave rise to new and separate violations.  Id. at *6 (stating, "current effects alone cannot breathe life into prior, uncharged discrimination.").

The Court's reasoning in Ledbetter is directly applicable here, where Plaintiff alleges that Defendants have "repeatedly" failed to pay him "in line with other non-Black employees with similar education, experience and demonstrated skill level." (Exh. A, ¶14) Based on this statement in his Complaint, and his failure to identify a specific action with respect to his salary, Plaintiff clearly

7

intends to litigate his claim by re-hashing the merits of *several years* of pay-related decisions. Because he is precluded from doing so as a matter of law, his claim concerning his salary should be dismissed.

    **C.**    ***Res Judicata* Bars Plaintiff's From Re-litigating His Unequal Pay Claim.**

        Even if the court finds that Plaintiff has asserted a timely adverse employment action, certain claims in the instant matter are barred by the doctrine of *res judicata*, or claim preclusion.  This doctrine bars all claims that were or could have been raised against the parties and their privies in the previous case. <u>Simon v. Allstate Employee Group Med. Plan</u>, 263 F.3d 656, 657 (7th Cir. 2001). Claim preclusion bars a claim where three requirements are met: "1) an identity of the causes of action; 2) an identity of the parties or their privies; and 3) a final judgment on the merits." <u>Roboserve, Inc. v. Kato Kagaku Co.</u>, 121 F.3d 1027, 1034 (7th Cir. 1997)(*quoting* Perkins v. Board of Trustees of the Univ. of Illinois, 116 F.3d 235, 236 (7th Cir. 1997)).  The idea behind claim preclusion is one of "finality" – a plaintiff has one chance to litigate a claim to final judgment, and she has no right to re-litigate the same claim or a related claim, merely because she lost the first time around. <u>Hoffman v. Fermilab NAL/URA</u>, 205 F. Supp.2d 900, 903 (N.D. Ill. 2002).

        The court should bar Plaintiff from re-litigating claims concerning his salary increases through the year 2005.  The court in *Brown I* granted summary judgment to IDNR on virtually identical claims through the year 2002. <u>See</u> <u>Brown v. Ill. Dept. of Natural Resources</u>, 499 F.3d 675, (7th Cir. 2007).  In the subsequent lawsuit, *Brown II*, the court found insufficient evidence for Plaintiff to pursue his promotion and salary-related claims in 2003 and 2004, and has limited his potential claim to whether Plaintiff was retaliated against in 2005. (<u>See</u> **<u>Exhibits D, E</u>**.)  The parties in *Brown II* are currently in the process of conducting discovery on that narrow issue.

**1.     This case involves the same parties or privies as in *Brown I and II*.**

The instant case clearly involves the same parties or privies as in *Brown I and II*.   In this case, Plaintiff sues "the Illinois Waste Management and Research Center, a division of the Illinois Department of Natural Resources, a Department of the State of Illinois," the same party Plaintiff sued in his previous cases.[2]   Therefore, identity of the parties or their privies exists here, for purposes of the claim preclusion analysis.

**2.     There was a final judgment on the merits in *Brown I* and *Brown II*.**

It also is a simple matter to meet the third element – that there have been final judgments on the merits of the previous cases involving Plaintiff's unequal pay claims.   In January 2006, the Honorable Judge Nordberg granted summary judgment in favor of the Defendants in *Brown I* and the judgment was affirmed on appeal. See Brown v. Ill. Dept. of Natural Resources, 499 F.3d 675 (7th Cir. 2007). A grant of summary judgment is considered a final judgment "on the merits." Spiegel v. Continental Illinois Nat'l Bank, 790 F.2d 638, 645 (7th Cir. 1986).

In *Brown II*, prior to the filing of any summary judgment motions, the Honorable Judge Shadur issued a Memorandum Order finding it unnecessary for IDNR to address Plaintiff's claims of discrimination and retaliation with respect to promotions and salary increases prior to 2005.   (See **Exhibit E**.) Prior to making this determination, the court gave Plaintiff a full opportunity to provide evidence in support of a *prima facie* case of discrimination and/or retaliation. (See **Exhibit D**.) When Plaintiff proved unable to do so, the court limited the scope of *Brown II* to the issue of whether Plaintiff was retaliated against with respect to salary increases in 2005. (See **Exhibit E**.) Thus, this court should bar Plaintiff in the instant case from re-litigating the subject of promotions

---

2 In the instant Motion, Defendants also move to dismiss WMRC, as it is not a suable entity.  See Part III.F., *infra*.

and/or salary increases prior to 2005 - issues already decided on their factual merits by the court in *Brown II*.

### 3.    There is an identity of the causes of action.

The "identity" of claims is established where they emerge from the same "core of operative facts." Brzostowski v. Laidlaw Waste Systems, Inc., 49 F.3d 337, 338-39 (7th Cir. 1995). The central or "operative" facts of a claim may be identical, even if the legal elements of each claim are different. Id. at 339. As the Seventh Circuit has explained:

> Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action. If the same set of facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the alleged different causes of action asserted.

Mandarino v. Pollard, 718 F.2d 845, 849 (7th Cir. 1983, (*quoting* Lee v. City of Peoria, 685 F.2d 196, 200 (7th Cir. 1982)).

The core of operative facts essential to Plaintiff's unequal pay claim in the instant case is identical to certain facts that gave rise to Plaintiff's previous suits in *Brown I and II*. Plaintiff asserts in this case that IDNR discriminated and retaliated against him in "repeatedly failing to pay Plaintiff in line with other non-Black employees..." (See **Exh. A**) Assuming that the "repeated" conduct alleged by Plaintiff occurred prior to 2006, those claims are barred because they are the identical claims as in *Brown I* and *Brown II*.

In addition, in order to establish whether Plaintiff's salary in 2006 was discriminatory, the parties would have to re-litigate the same core of operative facts that the courts addressed in *Brown I* and *Brown II*. In those two cases, the courts found that Plaintiff had failed to establish evidence of discrimination or retaliation with respect to his position or salary. See Brown v. Ill. Dept. of Natural Resources, 499 F.3d 675 (7th Cir. 2007); see also, **Exhibits D, E**. The law does not permit Plaintiff

to re-litigate the merits of his claims in *Brown I* and *Brown II* in order to support his unequal pay claim in the instant case.

> **D.    Plaintiff should be barred from bringing claims duplicative of a parallel lawsuit,**
> ***Brown v. Illinois Department of Natural Resources*, Case No. 07 C 2808,**
> **currently pending before the Honorable Judge Holderman.**

Plaintiff's claims should be dismissed, to the extent that they are duplicative of the claims in *Brown III*, currently pending before the Honorable Judge Holderman. (See **Exhibit F**.) "As a general rule, a federal suit may be dismissed 'for reasons of wise judicial administration…whenever it is duplicative of a parallel action already pending in another federal court.'" Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993)(quoting Ridge Gold Standard Liquors, Inc., v. Joseph E. Seagram & Sons, Inc., 572 F. Supp.1210, 1213 (N.D. Ill. 1983)).  Generally, a suit is "duplicative" if the "claims, parties, and available relief do not significantly differ between the two actions." Id. District courts are accorded "a great deal of latitude and discretion" in making this determination. Id.

In the instant case, Plaintiff makes identical claims, has sued the identical party (IDNR), and seeks substantially the same relief as in *Brown III.*  In his Complaint in the instant case, Plaintiff alleges that IDNR discriminated and retaliated against him by "repeatedly failing to pay [him] in line with other non-Black employees with similar education, experience and demonstrated skill level." (**Exhibit A**, ¶¶14, 15) These allegations are virtually identical to the claims that Plaintiff made in *Brown III*, pending before Judge Holderman.  In that case, Plaintiff alleges that IDNR's actions in "repeatedly failing to pay Plaintiff in line with other non-Black employees with similar education, experience and demonstrated skill level constitutes willful and illegal discrimination on account of Plaintiff's race and national origin in violation of Title VII, 42 U.S.C. 2000(e) *et seq*." (**Exhibit F**, ¶ 17, 18) Clearly, in both *Brown III* and in the instant case, Plaintiff's central claims are that IDNR discriminated against him and retaliated by paying him less than non-black employees.

In addition, in the instant case, Plaintiff seeks virtually the same damages for a similar period of time as the court has permitted him to seek in *Brown III*.  In its ruling on IDNR's Motion to Dismiss, the court in *Brown III* stated that Plaintiff "may seek recovery of damages for defendant's 'repeatedly failing to pay plaintiff in line with other non-Black employees' after April 1, 2006," which the court found to be 300 days prior to his EEOC charge, filed on January 30, 2007. (See **Exhibit G**.) In the instant case, Plaintiff filed his EEOC charge on July 6, 2007. (See **Exhibit A**, Appendix A.) Assuming that the 300 day period for which Plaintiff can seek damages falls roughly between May 6, 2006 and July 6, 2007, this period shares significant overlap with Brown III.

In sum, the court should dismiss the instant case because it involves identical claims, the same Defendant, and the same potential relief for the same time period.  The court in Ridge Gold explained the rationale for dismissing a duplicative complaint in the context of that case:

> The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are…devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants.

572 F. Supp. at 1213; see also, Serlin, 3 F.3d at 224.

In the instant case, Plaintiff has created a situation where two federal judges sitting on the same district court are committing the court's valuable time and resources to litigating identical claims involving identical parties.  Based on the reasoning in Serlin and Ridge Gold, the court should dismiss the instant Complaint, in its entirety.

**E.    Plaintiff's EEOC charge does not ancestry or national origin discrimination.**

Plaintiff also is precluded from including allegations of discrimination based on his national origin or ancestry because the allegations in his EEOC charge do not include claims of discrimination based on his national origin or ancestry.  It is well established that in general, a

plaintiff may not bring claims under Title VII that were not originally included in a charge of discrimination. <u>Sitar v. Indiana Dept. of Transportation</u>, 344 F.3d 720, 726 (7th Cir. 2003). Rather, "the scope of the subsequent judicial proceedings is limited by the nature of the charges filed with the EEOC." <u>Rush v. McDonalds's Corp.</u>, 966 F.2d 1104, 1104 (7th Cir. 1992). The only qualification to this principle applies to claims that are "like or reasonably related" to the EEOC charge and can be reasonably expected to grow out of an EEOC investigation of the charges. <u>Id.</u> (citing <u>Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.</u>, 538 F.3d 164, 167 (7th Cir. 1976)).

As indicated in his charge, Plaintiff only alleges discrimination based on his race, Black. Plaintiff does not mention his national origin, ancestry or any details about these characteristics. In fact, neither the charge nor the Complaint even identifies Plaintiff's national origin, or the national origins or ancestries of any of his comparators. Thus, even construing Plaintiff's EEOC charge under the most liberal standard, Plaintiff's claims of discrimination based on his national origin, ancestry or color were never properly presented to the EEOC. Thus, these claims should be dismissed, with prejudice. <u>Cheek</u>, 31 F.3d at 501.

### F. WMRC should be dismissed as a Defendant in Plaintiff's lawsuit, as it is not a suable entity.

The WMRC is a division of the Illinois Department of Natural Resources, ("IDNR"). 20 ILCS 801/15-5 (West 2005)(stating, "[IDNR] shall have within it…a Waste Management and Research Center division…") Thus, Plaintiff improperly names the WMRC as the Defendant in this case, when the sole Defendant should be IDNR. <u>See</u> <u>Navarro v. UIC Medical Center</u>, 165 F. Supp.2d 785, 786 (N.D. Ill. 2001)(holding that the UIC Medical Center was not a "suable entity" and substituting the Board of Trustees as the properly named defendant); <u>Gilchrist v. Kane County Correctional Center</u>, 48 F. Supp. 2d 809, n.1(noting district court's dismissal of Kane County

13

Correctional Center as a defendant because it was a non-suable entity); see also, **Exhibit G** (finding IDNR is the proper Defendant in *Brown III*).  Accordingly the WMRC should be dismissed as a defendant in this action, with prejudice.


### IV.    CONCLUSION

Plaintiff's Complaint at Law should be dismissed, with prejudice.  First, the claims against Defendants Lindsey, Day and Vander Velde should be dismissed because they are not subject to individual liability under Title VII.  Second, Plaintiff fails to identify conduct that rises to the level of a discrete adverse employment action, or such action that occurred within 300 days of his EEOC charge.  Third, Plaintiff's unequal pay claim should be dismissed to the extent it is duplicative of claims in previous lawsuits and/or barred by the doctrine of collateral estoppel.  Fourth, Plaintiff's allegations of discrimination based on ancestry or national origin should be dismissed because they were not contained in his EEOC charge.  Finally, Plaintiff once again failed to sue the proper Defendant, which is the Illinois Department of Natural Resources.


**WHEREFORE**, Defendant, the Illinois Waste Management and Research Center, a division of the Illinois Department of Natural Resources, a Department of the State of Illinois, Timothy Lindsey, Katie Day and George Vander Velde, respectfully request that this Court grant their Motion to Dismiss Plaintiff's Complaint at Law, with prejudice, and for further relief this Court deems just and proper.

14

LISA MADIGAN                Respectfully submitted,
Illinois Attorney General

**ILLINOIS WASTE MANAGEMENT AND
RESEARCH CENTER, a division of the Illinois
Department of Natural Resources, a Department
Of the State of Illinois, TIMOTHY LINDSEY, KATIE
DAY and GEORGE VANDER VELDE,**

By:____s/ Mary M. Madden____ _____
        MARY M. MADDEN
        Assistant Attorney General
        100 West Randolph Street, 13th Floor
        Chicago, Illinois 60601
        (312) 814-7201

15