IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  05 C 2460 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| NATURAL RESOURCES, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This action ("Brown II") marks the second effort by pro se plaintiff Jerry Brown ("Brown") to charge his employer, the Illinois Department of Natural Resources ("Department"), with race-based employment discrimination and with retaliation for his having brought such charges against Department.  This Court has been more than generous in terms of the scope of discovery allowed to Brown, both because granting leeway to pro se litigants is consistent with the treatment of their pro se pleadings (see Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)) and because the nature of the adverse summary judgment ruling by this Court's colleague Honorable John Nordberg in Brown's earlier lawsuit (02 C 398) had left somewhat unclear the time frame encompassed by Judge Nordberg's decision.

This week's batch of slip opinions from our Court of Appeals has included an opinion affirming Judge Nordberg's decision ("Brown I," No. 06-1552, 2007 WL 2410062 (7th Cir. Aug. 27)). Brown I has applied the Supreme Court's recent decision in



Ledbetter v. Goodyear Tire & Rubber Co., 127 S.Ct. 2162 (2007) in a manner that has not only dispatched Brown's earlier claim but has also clarified the ground rules for this litigation, in part by limiting Brown's potentially actionable claim here to the failure of Department to promote him in September 2004 (the only "discrete act" of alleged discrimination that took place during the 300 days preceding Brown's Charge of Employment Discrimination). This Court hastens to apprise the parties of the overall posture of this Brown II action in light of Brown I.

Not only is Brown limited in his failure-to-promote-based claim to the September 2004 action (or inaction) by Department, but Brown I at *5 has also spelled out what Brown must show (or to avoid summary judgment, must at least show the existence of a material factual issue) as to each of the elements of a prima facie case:

> Under the indirect method, the employee bears the initial burden of establishing a prima facie case of race discrimination by showing that: (1) he is a member of a protected group; (2) he was qualified for the position sought; (3) he was rejected for the position; and (4) the employee who was promoted was a member of a different race and was not better qualified than he.

And just as Brown I at *5-*6 went on to address with respect to Brown's earlier claim of race-based discrimination, for purposes of this case he must identify at least one comparator who fits within the fourth element.

Accordingly Brown is ordered to deliver to this Court's

2

chambers and to defense counsel, on or before September 25,[1] a statement identifying the claimed comparator or comparators who assertedly fill the bill as to that fourth element. That will enable defense counsel and this Court to consider what further steps may need to be taken to determine the potential viability (or nonviability) of Brown's failure-to-promote claim in light of Brown I's teaching.

As for Brown's claim of actionable retaliatory conduct on Department's part, that too is a repeat of his unsuccessful claim in Brown I. On that score Brown I at *7 spelled out the hurdles that Brown must surmount to maintain such a claim (internal quotation marks and citations omitted):

> A plaintiff may prove retaliation by using either the direct method or the indirect, burden-shifting method. Under the direct method, a plaintiff must show that (1) he engaged in statutorily protected activity; (2) he suffered an adverse action taken by the employer; and (3) there was a causal connection between the two. Alternatively, under the indirect approach, in order to establish a prima facie case for retaliation the employee must show the following: (1) after filing a charge [the employee] was subject to adverse employment action; (2) at the time, [the employee] was performing his job satisfactorily; and (3) no similarly situated employees who did not file a charge were subjected to

---

[1] This action is set for a next status hearing on September 19, which is reset to 8:45 a.m. September 27. As for the September 25 filing requirement imposed by this memorandum opinion and order, all that is called for here is not a legal brief or a statement dealing with legal issues, but rather a straightforward factual statement. And because the highly educated Brown has had the benefit of such extensive discovery, preparation of the brief statement called for here within such a short time frame should pose no hardship.

an adverse employment action.

As that language reflects, whether Brown seeks to pursue the "direct method" or the "indirect, burden-shifting method" he must in any event identify an adverse action assertedly taken by Department after he brought his charge of employment discrimination (in this instance, that means after October 15, 2004). Hence Brown's September 25 statement called for earlier must also identify such a discrete adverse action, again to permit evaluation of his retaliation claim under the freshly-issued teaching from our Court of Appeals.

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: September 10, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05 C 2460 |
| | ) | |
| ILLINOIS DEPARTMENT OF NATURAL RESOURCES, | ) ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

After our Court of Appeals upheld the disposition via summary judgment of the earlier Title VII lawsuit brought by pro se plaintiff Jerry Brown ("Brown") against the Illinois Department of Natural Resources ("Department")(see "Brown I," No. 06-1552, 2007 WL 2410062 (7th Cir. Aug. 27)), this Court issued a brief September 10, 2007 memorandum opinion and order ("Opinion") that ordered Brown to clean up his act in this second lawsuit ("Brown II") to conform to the Brown I principles.  Although Brown has now filed a document captioned "Plaintiff's Compliance with Court's Order Dated September 10, 2007," it is short on actual compliance--instead Brown persists (1) in distorting the concept of "promotion" (the gravamen of his Charge of Employment Discrimination ("Charge") filed October 15, 2004) and (2) even if his attempted revision were to be acceptable in those terms, in looking to past history in a way that Brown I does not permit.

To begin with, here is Brown's grievance as stated in the Charge:



> I began my employment with the Respondent in or around November 1994. My most recent position is Manufacturing Process Engineer. In or around September 2004, I was informed that I would not receive a promotion to the position of Associate Professional Scientist nor to the position of Professional Scientist. In or around 2002, I filed a lawsuit against the Respondent claiming racial discrimination and retaliation. Since filing the law suit, I have failed to be promoted and have only received a minimal salary increase.
>
> I believe that I have been discriminated against on the basis of my race, Black, and on the basis of retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

And that of course employs the universal concept of "promotion" as advancement from one position to another. Unsurprisingly, the identical usage is found in the Internal Operating Procedures Manual ("Manual") at Waste Management and Research Center ("Center"), where Brown is employed by Department, and is also mirrored both in the Brown I at *1 description of his comparable earlier claim of race-based discrimination and in the Brown I at *5 description of the elements of a prima facie case, previously quoted in the Opinion:

> Under the indirect method, the employee bears the initial burden of establishing a prima facie case of race discrimination by showing that: (1) he is a member of a protected group; (2) he was qualified for the position sought; (3) he was rejected for the position; and (4) the employee who was promoted was a member of a different race and was not better qualified than he.

Yet in response to the Opinion's direction that Brown "must identify at least one comparator who fits within the fourth

element" of the prima facie case, Brown seeks under the rubric "Comparator #1" to point to some unidentified persons who were assertedly promoted at unidentified times. That is a nonstarter in terms of identifying a permissible comparison to Brown's grievance, as set out in the Charge, complaining about his asserted nonpromotion in September 2004. Moreover, those unidentified promotions apparently took place before the start of the 300-day period that ended with the filing of the Charge--a period that began December 18, 2003. Thus Brown strikes out in attempting to rely on the amorphous class that he refers to as Comparator #1.

Under "Comparator #2" Brown refers not to another employee's having gotten a job for which Brown was competing, but rather to Center as having hired Danny Marsch into a <u>different</u> position sometime during 2004. Although that event would lie within the 300-day time frame referred to earlier, it presents a different hurdle that Brown must overcome.

As Brown would have it, the "hiring"[1] of Marsch into a new position at higher pay was a ploy--a device to take an end run around the freeze order that had previously been issued by Governor Blagojevich. But what Brown does <u>not</u> assert is that the

---

[1] Quotation marks have been used here solely to credit Brown's contention arguendo, for purposes of analysis, not to reflect this Court's views. No opinion is of course expressed here as to the validity of Brown's position on that score.

3

position for which Marsch was "hired" was either of the positions to which Brown was then seeking promotion according to his Charge--it was neither an Associate Professional Scientist position nor a Professional Scientist position. In the absence of such a claim, the assertedly bogus hiring involving Marsch might perhaps be probative of Center's willingness to engage in pretextual activity--but that would not absolve Brown of his burden of having to establish a prima facie case before the issue of pretext could come into play. And absent some plausible presentation on that score (see Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965, 1973 n.14 (2007)), Brown cannot look to Marsch as a claimed comparator either.

Apparently unable to identify a comparator who fits within the Brown I matrix, Brown attempts to conflate Center's failure to promote him--a failure to provide him with a job change--with its failure to increase his compensation or to grant a compensation increase equivalent to that assertedly given to other (and Caucasian) employees, in each instance an increase within his existing grade. That is not only a novel recasting of the term "promotion" but is also at odds with the Manual that Brown attaches to his current filing, which has two different Subsections dealing with the two subjects: one (Subsection 3a-12) labeled "Promotion" and another (Subsection 3a-4) labeled "Compensation," which addresses increases within the same

4

position title. And Governor Blagojevich's January 14, 2003 Executive Order, attached as Ex. E to Brown's current filing, also does not use the term "promotion" in the same odd way that Brown frames it.

There is even less plausibility to Brown's characterization of Malcolm Boyle as "Comparator #3." It would be an impermissible stretch of the notion of an asserted denial of promotion to Brown to treat it as somehow corresponding to Boyle's <u>demotion</u> without decreasing his salary. That unwarranted strain on the concept of promotion simply need not be addressed by Department.

Finally, Brown labels as "retaliation" Center's action in giving him the minimum salary increase possible when Governor Blagojevich's freeze was lifted to permit the granting of pay increases in 2005. This Court expresses no view on that substantive claim, which Department will be expected to address in moving forward in this action.

                                           _____
                                           Milton I. Shadur
                                           Senior United States District Judge

Date: September 26, 2007

KC FILED
2-15-2008
FEB 15 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY BROWN,<br>  Plaintiff,<br><br>v.<br><br>ILLINOIS DEPT. OF NATURAL RESOURCES,<br>  Defendants. | No. 07 C 2808<br><br>Honorable James F. Holderman<br><br>Magistrate Judge Brown |

### NOTICE OF FILING

To:  Ms. Mary M. Madden
     Assistant Attorney General
     100 West Randolph Street, 13th Floor
     Chicago, Illinois 60601

**PLEASE TAKE NOTICE** that on the 15th day of February, 2008, I caused to be filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, 60604, the attached **FIRST AMENDED COMPLAINT**, a copy of which is attached and hereby served upon you.

Respectfully submitted,

_____
Jerry Brown,
PLAINTIFF
1520 Lee Blvd.
Berkeley, IL  60163
(708) 544-2994

EXHIBIT F
Mot/Dism.07-7080

## CERTIFICATE OF SERVICE

The undersigned states that a copy of the foregoing **FIRST AMENDED COMPLAINT** was served upon the above named at the above address by hand delivering same to the address below on the 15th day of February 2008.

> Ms. Mary M. Madden
> Assistant Attorney General
> 100 West Randolph Street, 13th Floor
> Chicago, Illinois 60601

_____
JERRY BROWN

KC FILED
FEB 1 5 2008
2-15-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JERRY BROWN, )
    Plaintiff, )
)
v. ) No. 07 C 2808
)
ILLINOIS DEPT. OF NATURAL RESOURCES, ) Honorable James F. Holderman
    Defendants. )
) Magistrate Judge Brown
)

### FIRST AMENDED COMPLAINT

Now comes the Plaintiff, JERRY BROWN, Pro Se, 1520 Lee Boulevard, Berkeley, IL 60163, and as his First Amended Complaint, states as follows:

1. This is an action brought to remedy discrimination on the basis of race, national origin and retaliation in the terms, conditions and privileges of employment and to remedy injuries suffered by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq., as amended by the Civil Rights Act of 1991 ("Title VII").

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. 2000e(f), (g) and (k) et seq.

3. Plaintiff, Jerry Brown, a Black engineer employed with the Illinois Waste Management and Research Center (WMRC) whose national origin is African-American, filed a Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR) on or about January 30, 2007, (Charge No. 440-2007-02270) complaining of the acts of discrimination alleged herein. [Charge of Discrimination is Attached hereto as Appendix A].

4. On or about February 20, 2007, the EEOC issued a Dismissal and Notice of Rights Letter allowing the Plaintiff to sue the Defendants in federal court. [Dismissal and Notice of Rights Letter is Attached hereto as Appendix B].

5. Plaintiff Jerry Brown has complied fully with all the prerequisites to jurisdiction in the Court under Title VII. The court has original federal question jurisdiction pursuant to 28 U.S.C. 1331 and 1343.

6. As the unlawful employment practices complained of herein occurred within the Northern District of Illinois, venue is proper in this District.

## PARTIES

7. Plaintiff Jerry Brown is a Manufacturing Process Engineer with WMRC, a position he has held since being hired by WMRC in November 1994.

8. Defendants are WMRC, a division within the Illinois Department of Natural Resources (IDNR), a department of the State of Illinois. All actions alleged in this complaint which were taken by any persons, agents, or employees of the State of Illinois took place within the scope of their lawful authority given them by the State of Illinois and pursuant to those agents' and employees' official capacities and responsibilities.

9. Defendant State of Illinois is an "employer" within the meaning of Title VII, its actions are governed by Title VII, and it employs more than 500 employees in each of 20 or more calendar weeks in the current or preceding year. 42 U.S.C. 2000e(b) and 1981a(b)(3).

## STATEMENT OF CLAIM

10. Plaintiff has been employed by WMRC, a division of IDNR, a department of the State of Illinois since November 1994. Plaintiff is a Black male.

11. Plaintiff works in the Pollution Prevention (P2) Group of WMRC. Plaintiff's current supervisor is Debra Jacobson. The P2 Group's Manager is Dr. Timothy Lindsey.

12. On or about March 1, 2006, WMRC notified staff that the position of Oak Brook Office Supervisor would be filled internally.

13. WMRC's description of the position was ambiguous but tailored to the experience of only one Caucasian employee in the office. Although WMRC management was asked to clarify the weight percentage of the four stated key duties for the position, WMRC refused to do so,

stating that WMRC management would work with whomever developed the best plan for the office.

14. Although WMRC said the position was open to all five professional staff members, two were immediately eliminated from the selection process. Mr. Boyle, the former office supervisor, was unqualified, as WMRC had removed him from the position previously. He did not apply. Mr. Janssen had retired from Illinois EPA with full pension and was not interested in full-time employment. He did not apply. Plaintiff, Mr. Brown was in litigation with WMRC at the time and he was not deemed a viable candidate by WMRC management. Mr. Shipchandler is the least senior and least experienced staff member at the Oak Brook office.

15. On or about April 10, 2006, WMRC awarded the position to Ms. Jacobson, the only "remaining" choice for the position. When asked to share Ms. Jacobson's plan for the Oak Brook office, WMRC declined to do so, stating that the plan had been placed in Ms. Jacobson's personnel file and was unavailable to other employees. In announcing the promotion, WMRC management highlighted the talents Ms. Jacobson had displayed in her former position and stated that these same skills would be fully utilized in her new position.

16. Ms. Jacobson was WMRC management's choice for the position from the time management chose to fulfill the position. Management never explained why Ms. Jacobson's plan was rated the best. Just as the Alton office and Peoria office now operate without a supervisor, the Oak Brook office could have continued to operate without a supervisor also. WMRC management awarded the position to Ms. Jacobson in order to justify increasing Ms. Jacobson's salary while not increasing the salaries of other Oak Brook staff members. WMRC management continues to pay Plaintiff minimal salary increases while significantly increasing the salaries of other non-Black staff members.

### FIRST CAUSE OF ACTION

17. Plaintiff incorporates the allegations of paragraphs 1 through 16 above and, in addition, states that Defendants' conduct in failing to consider Plaintiff for the position of Oak Brook Office Supervisor and in repeatedly failing to pay Plaintiff in line with other non-Black employees with similar education, experience and demonstrated skill level constitutes willful and illegal discrimination on account of Plaintiff's race and national origin in violation of Title VII, 42 U.S.C. 2000(e) et seq.

### SECOND CAUSE OF ACTION

18. Plaintiff incorporates the allegations of paragraphs 1 through 17 above and, in addition, states that Defendants' conduct constitutes willful and illegal discrimination on account of and in retaliation for Plaintiff filing a grievance and complaints of race and national origin discrimination in violation of Title VII, 42 U.S.C. 2000(e) et seq.

WHEREFORE Plaintiff JERRY BROWN respectfully requests and prays that this Court enter judgment in favor of the Plaintiff and against Defendants for the following relief:

1. that the court find and declare that the Defendants engaged in race and national origin discrimination against the Plaintiff in failing to consider him for the position of Oak Brook Office Supervisor and in failing to pay Plaintiff in line with similarly-situated non-Black employees;

2. that the court find and declare that the Defendants engaged in wrongful and illegal retaliation against the Plaintiff for exercising his lawful right to complain of discrimination against the Defendants by filing a charge of race and national origin discrimination with the IDHR and EEOC and by filing two Complaints At Law against the Defendants with the U.S. District Court;

3. that the court order the Defendants to pay the Plaintiff in line with similarly-situated non-Black employees, which salary Plaintiff would have obtained had he not been the victim of race and national origin discrimination and had he not been retaliated against;

4. that the court order full back pay at the rate of compensation Plaintiff would have achieved had he not been the victim of wrongful discrimination on account of his race and national origin and had he not been retaliated against, plus interest;

5. that the court order full and complete compensatory damages for the violation of the Plaintiff's rights to be free from race and national origin discrimination including monetary damages for pain, suffering, humiliation, damage to Plaintiff's reputation, and loss of economic advantages and opportunities he would have gained if he had not been discriminated against;

6. that the court order WMRC to make its promotion process clear to all its employees; that WMRC clarify and state the specific criteria for each job position posted and that WMRC clearly state its reasons for selecting particular candidates for open or new positions within the organization;

7. that the court order WMRC to actively seek to hire more minority employees and that WMRC pay its minority staff at levels consistent with its non-minority employees for similar experience levels, education levels, responsibilities, job functions, job performance and job location;

8. that the court award attorneys fees and costs in prosecuting and pursuing relief for the unlawful discrimination alleged herein;

9. that the court award any other relief which is equitable and just.

Respectfully submitted,

Jerry C. Brown
Pro Se

1520 Lee Boulevard
Berkeley, IL  60163
(708) 544-2994

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2007-02770 |

Illinois Department Of Human Rights  and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Jerry C. Brown | (708) 544-2994 | 02-16-1953 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1520 Lee Blvd., Berkeley, IL 60163 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| IL WASTE MANAGEMENT & RESEARCH | 500 or More | (630) 472-5016 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1010 Jorie Blvd. Suite 12, Oak Brook, IL 60523 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-10-2006   Latest: 04-10-2006
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began employment with Respondent in 1994 and my current position is Manufacturing Process Engineer. Between 2000 and 2005 I have filed EEOC complaints and two (2) federal lawsuits of race discrimination against Respondent. On or about March 1, 2006, Respondent posted an open position as Oak Brook Office Supervisor. Respondent's description of the position was ambiguous and was tailored to the experience of a White candidate. On or about April 10, 2006, Respondent did not promote me to Oak Brook Office Supervisor.

I believe I have been discriminated against based on my race, Black, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

CHICAGO DISTRICT OFC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jan 30, 2007     *Jerry C. Brown* (signature)<br>Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

APPENDIX A

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jerry C. Brown<br>1520 Lee Blvd.<br>Berkeley, IL 60163 | From: | Chicago District Office - 440<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7001 1940 0003 8829 7812

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-02770 | Andrew Daley,<br>Investigator | (312) 886-7495 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>**WITHIN 90 DAYS**</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

John P. Rowe,     2/20/07
District Director     (Date Mailed)

Enclosures(s)

cc:    IL WASTE MANAGEMENT

APPENDIX B

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2808 | **DATE** | January 22, 2008 |
| **CASE TITLE** | Jerry C. Brown vs. Illinois Waste Management and Research Center | | |

**DOCKET ENTRY TEXT**

Defendant's Motion to Dismiss Portions of Plaintiff's Complaint [7] is granted. As more fully explained in the "Statement" section of this Order, plaintiff is ordered to file a First Amended Complaint by February 15, 2008 that complies with this order. Defendant Illinois Department of Natural Resources is to file its Answer by February 29, 2008. The case is set for report on status at 9:00 a.m. on March 6, 2008. Plaintiff and defense counsel are requested to attend the status report.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

The proper defendant in this case is the Illinois Department of Natural Resources and should be so denominate in plaintiff's First Amended Complaint that is to be filed on or before February 15, 2008.

The plaintiff's First Amended Complaint may allege, if plaintiff desires, discrimination on the basis of "Race," "National Origin" and "Retaliation," the items circled by plaintiff on his EEOC "Charge Questionnaire" dated January 30, 2007.

The pay differential that the plaintiff may potentially recover based on his EEOC allegations are those pay amounts which he allegedly was denied as a result of his allegedly being denied the promotions, if any, that he proves were a result of illegally discriminatory conduct by defendant within 300 days prior to January 30, 2007, the date plaintiff filed his EEOC charge. The court has calculated that date to be approximately April 1, 2006. Therefore, the First Amended Complaint may not seek damages for conduct that occurred prior to April 1, 2006 but may seek recovery of damages for defendant's "repeatedly failing to pay plaintiff in line with other non-Black employees" after April 1, 2006 as that is allegedly a fair and reasonable inference from the facts alleged by plaintiff to the EEOC.

Those allegedly deficient pay amounts must proven to be tied to the promotions plaintiff was denied because of his race or national origin or as a result of any retaliation against plaintiff by defendant for plaintiff asserting his rights.

| | Courtroom Deputy Initials: | AMM |
|---|---|---|


EXHIBIT G
Mot/Dism.07-7080