**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JERRY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 7080 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | Honorable James B. Zagel |
| NATURAL RESOURCES, | ) | |
| | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, ILLINOIS DEPARTMENT OF NATURAL RESOURCES, by and through its attorney, LISA MADIGAN, Attorney General of Illinois, and for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

**JURISDICTION AND VENUE**

1. This is an action brought to remedy discrimination on the basis of race, religion, age, national origin and ancestry/ethnicity in the terms, conditions and privileges of employment and to remedy injuries suffered by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq., as amended by the Civil Rights Act of 1991 ("Title VII").

**ANSWER:** IDNR admits that Plaintiff purports to bring an action for discrimination on the basis of race, religion, age, national origin and ancestry/ethnicity, but denies having engaged in discrimination or other illegal practices.

2. Injunctive and declaratory relief, damages and other appropriate legal and

equitable relief are sought pursuant to 42 U.S.C. 2000e(f), (g) and (k) et seq.

**ANSWER:** IDNR admits that Plaintiff seeks the relief and damages described, but denies that it discriminated or retaliated against Plaintiff, and further denies that Plaintiff is entitled to any relief or damages.

3. Plaintiff, Jerry Brown, a Black engineer employed with the Illinois Waste Management and Research Center (WMRC) whose national origin is African-American, filed a Charge of Discrimination against WMRC with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR) on or about July 6, 2007, (Charge No. 440-2007-06205) complaining of the acts of discrimination alleged herein. [Charge of Discrimination is Attached hereto as Appendix A].

**ANSWER:** IDNR admits that Plaintiff self-identifies as Black and African American, that he is employed as an engineer, and that he filed a charge of discrimination (No. 440-2007-06205) against IDNR with the EEOC on or about July 6, 2007, a copy of which was attached to Plaintiff's Complaint. IDNR denies that Plaintiff's EEOC charge contained all of the acts of discrimination alleged herein. IDNR denies discriminating against Plaintiff at any time or in any way.

4. On or about September 21, 2007, the EEOC issued a Dismissal and Notice of Rights Letter allowing the Plaintiff to sue the Defendants in federal court. [Dismissal and Notice of Rights Letter is Attached hereto as Appendix B].

**ANSWER:** IDNR admits that on or about September 21, 2007 the EEOC issued a Notice of Dismissal and Notice of Rights letter allowing the Plaintiff to sue the Defendant under Title VII in Federal court.

5.      Plaintiff filed another Charge of Discrimination against Illinois Department of Natural Resources (IDNR) with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR) on or about February 29, 2008, (Charge No. 440-2008-03551) complaining of the acts of discrimination alleged herein [Charge of Discrimination is Attached hereto as Appendix C].

**ANSWER:**   IDNR admits that Plaintiff filed a charge of discrimination (No. 440-2008-03551) against IDNR with the EEOC on or about February 29, 2008, a copy of which was attached to the Amended Complaint.  IDNR denies that Plaintiff's EEOC charge contained all of the acts of discrimination alleged herein.  IDNR denies discriminating against Plaintiff at any time or in any way.

6.      On or about June 6, 2008, the EEOC issued a Dismissal and Notice of Rights Letter allowing the Plaintiff to sue the Defendant in federal court.  [Dismissal and Notice of Rights Letter is Attached hereto as Appendix D].

**ANSWER:**   IDNR admits that on or about June 6, 2008 the EEOC issued a Notice of Dismissal and Notice of Rights letter allowing the Plaintiff to sue the Defendant under Title VII in Federal court.

7.      Plaintiff Jerry Brown has complied fully with all the prerequisites to jurisdiction in the Court under Title VII.  The court has original federal question jurisdiction pursuant to 28 U.S.C. 1331 and 1343.

**ANSWER:**    IDNR admits the allegations of paragraph 7.

8.      As the unlawful employment practices complained of herein occurred within the Northern District of Illinois, venue is proper in this District.

**ANSWER:** IDNR admits that venue is proper in this Court. Defendant denies that its employment practices were unlawful.

## PARTIES

9. Plaintiff Jerry Brown is an Associate Professional Scientist with the Illinois Waste Management and Research Center (WMRC), a department within IDNR. Plaintiff was hired by WMRC in November 1994.

**ANSWER:** IDNR admits the allegations of paragraph 9.

10. Defendant is the Illinois Department of Natural Resources (IDNR), a department of the State of Illinois. All actions alleged in this complaint which were taken by any persons, agents, or employees of IDNR took place within the scope of their authority given them by the State of Illinois and pursuant to those agents' and employees' official capacities and responsibilities.

**ANSWER:** IDNR admits that it is a department of the State of Illinois. IDNR denies the remaining allegations of paragraph 10.

11. Defendant IDNR is an "employer" within the meaning of Title VII, its actions are governed by Title VII, and it employs more than 500 employees in each of 20 or more calendar weeks in the current or preceding year. 42 U.S.C. 2000e(b) and 1981a(b)(3).

**ANSWER:** IDNR admits the allegations of paragraph 11.

## STATEMENT OF CLAIM

12. Plaintiff has been employed by WMRC, a division of IDNR, a department of the State of Illinois since November 1994. Plaintiff's initial salary was already significantly below market salaries for Plaintiff's qualifications and also significantly

below the salaries of similarly educated and experienced engineers working at WMRC. During the time Plaintiff has worked for WMRC, Plaintiff's salary has risen less than the rate of inflation, according to Plaintiff's calculations. Other professional employees (non-Black) with WMRC have received significant salary increases through the promotion process and through regular annual salary increases. Plaintiff is the only professional engineer that has been treated differently. Plaintiff is a Black male.

**ANSWER:** IDNR admits that Plaintiff is employed by it, that he works in the WMRC, and that he began his employment in November 1994. IDNR also admits that Plaintiff is a Black male. IDNR denies all remaining allegations contained in paragraph 12.

13. Plaintiff works in the Pollution Prevention (P2) Group of WMRC. The P2 Group's Manager is Dr. Timothy Lindsey. At the time of the events of this complaint, Plaintiff's immediate supervisor was Debra Jacobson.

**ANSWER:** IDNR admits the allegations of paragraph 13.

14. WMRC's refusal to pay Plaintiff on par with non-Black staff members led Plaintiff to file internal grievances and complaints at law against WMRC. Despite satisfactorily completing work assignments, on or about October 2006, Plaintiff's supervisor downgraded Plaintiff's performance evaluation based on unfounded, speculative reasoning and untrue statements. When Plaintiff challenged the evaluation and refuted it with facts, Plaintiff's supervisor refused to reply, saying that the matter was closed and leaving the unfounded and inaccurate statements in Plaintiff's file.

**ANSWER:** IDNR admits that Plaintiff filed internal grievances and complaints and challenged his performance evaluation. IDNR denies the remaining allegations of

paragraph 14.

15. Plaintiff filed a grievance with WMRC upper management. A review of the matter by WMRC upper management found no "unjust or injurious interpretation or application of any policy, procedure or rule" on the part of WMRC management. Plaintiff filed a discrimination charge on or about July 6, 2007.

**ANSWER:** IDNR admits the allegations of paragraph 15.

16. On or about February 2008, Plaintiff learned that WMRC had provided salary increases to select staff members in May 2007. Since the 2007 salary increases were not to be awarded until the fall of the year, the May increases would have been based on the 2006 performance evaluations when Plaintiff's evaluation was discriminately downgraded. Plaintiff filed a discrimination complaint with EEOC on or about February 29, 2008.

**ANSWER:** IDNR admits that certain staff members received salary increases in 2007 and that Plaintiff filed a charge with the EEOC on February 29, 2008. IDNR denies that the increases were granted in the month of May, and states that they were effective April 1, 2007. IDNR further denies that the salary increases were not to be awarded until the fall of the year, that the increases were based on 2006 performance evaluations, or that Plaintiff's evaluation was discriminately downgraded. IDNR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

**FIRST CAUSE OF ACTION**

17. Plaintiff incorporates the allegations of paragraphs 1 through 16 above and, in addition, states that Defendant has a disparate pay system and Defendant's

conduct in repeatedly downgrading Plaintiff's performance evaluation and in repeatedly failing to pay Plaintiff in line with other non-Black employees with similar education, experience and demonstrated skill level constitutes willful and illegal discrimination (unequal pay) on account of Plaintiff's race, religion, age, national origin and ancestry/ethnicity in violation of Title VII, 42 U.S.C. 2000(e) et seq.

**ANSWER:** IDNR repeats and incorporates the allegations of paragraphs 1 through 16 above, as though fully set for the herein. Pursuant to the Court's Order on Defendant's Motion to Dismiss on June 20, 2008, Plaintiff's action is limited to, and IDNR answers only with respect to, actions alleged to have occurred within 300 days of the filing of the EEOC charges referenced herein. Within that parameter, IDNR denies the remaining allegations contained in paragraph 17.

## SECOND CAUSE OF ACTION

18. Plaintiff incorporates the allegations of paragraphs 1 through 17 above and, in addition, states that Defendant's conduct constitutes willful and illegal discrimination on account of and in retaliation for Plaintiff filing previous complaints of race, national origin, and ancestry/ethnicity discrimination in violation of Title VII, 42 U.S.C. 2000(e) et seq.

**ANSWER:** IDNR repeats and incorporates the allegations of paragraphs 1 through 17 above, as though fully set for the herein. IDNR denies the remaining allegations contained in paragraph 18.

WHEREFORE Plaintiff JERRY BROWN respectfully requests and prays that this Court enter judgment in favor of the Plaintiff and against Defendant for the following

relief:

1. that the court find and declare that the Defendant engaged in race, religion, age, national origin and ancestry/ethnicity discrimination against the Plaintiff in denying Plaintiff equal pay consistent with that of non-Blacks of similar education, experience and job accomplishments;

2. that the court find and declare that the Defendant engage in wrongful and illegal retaliation against the Plaintiff for exercising his lawful right to complain of discrimination against the Defendant by filing charges of race, religion, age, national origin and ancestry/ethnicity with the IDHR and EEOC and by filing Complaints At Law against the Defendant with the U.S. District Court;

3. that the court order the Defendant to pay the Plaintiff in accordance to the pay scale afforded to non-Black employees, a salary that he would have been paid had he not been the victim of race, religion, age, national origin and ancestry/ethnicity discrimination;

4. that the court order full back pay at the rate of compensation Plaintiff would have achieved had he not been the victim of wrongful discrimination on account of his race, religion, age, national origin and ancestry/ethnicity, plus interest;

5. that the court order the complete compensatory damages for the violation of the Plaintiff's rights to be free from race, religion, age, national origin and ancestry/ethnicity discrimination including monetary damages for pain, suffering, humiliation, damage to Plaintiff's reputation, and loss of economic advantages and opportunities he would have gained if he had not been discriminated against;

6. that the court order WMRC to make its promotion process and salary

process clear to all its employees and that WMRC post notices for all open positions within its organization;

    7.    that the court order WMRC to actively seek to hire more minority employees and that WMRC pay its minority staff at levels consistent with its non-minority employees for similar experience levels, education levels, responsibilities, job functions and job performance;

    8.    that the court award attorneys fees and costs in prosecuting and pursuing relief for the unlawful discrimination alleged herein;

    9.    that the court award any other relief which is equitable and just.

**ANSWER:** IDNR denies the allegations contained in paragraphs 1 through 9, and denies that Plaintiff is entitled to any of the relief described in paragraphs 1 through 9.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff allegations are barred to the extent that they did not occur within 300 days of the filing of his charge of discrimination.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's allegations are barred to the extent he failed to exhaust his administrative remedies by filing a timely charge of discrimination.

### **THIRD AFFIRMATIVE DEFENSE**

IDNR had legitimate, non-discriminatory reasons for its employment decisions.

**FOURTH AFFIRMATIVE DEFENSE**

At all relevant times, IDNR has maintained and followed a policy prohibiting discrimination.

**FIFTH AFFIRMATIVE DEFENSE**

Certain of Plaintiff's claims are barred by the doctrine of *res judicata*.

LISA MADIGAN
Illinois Attorney General

Respectfully submitted,

**ILLINOIS DEPARTMENT OF NATURAL RESOURCES,** Defendant,

By:___s/ Mary M. Madden_____

MARY M. MADDEN
CHRISTOPHER MADDEN
Assistant Attorneys General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-7201 / (312) 814-4416