# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7080 | **DATE** | March 16, 2011 |
| **CASE TITLE** | JERRY BROWN v. ILLINOIS DEPARTMENT OF NATURAL RESOURCES | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for reconsideration [53] is granted in part.

## STATEMENT

*Pro se* Plaintiff filed the instant lawsuit over three years ago alleging that Defendant Illinois Department of Natural Resources ("IDNR") violated Title VII because it has a disparate pay system whereby Defendant failed to pay Plaintiff in line with other similarly situated non-black employees. Defendant served Plaintiff with its motion for summary judgment, and in response, Plaintiff requested additional discovery arguing that such information was necessary to respond to Defendant's motion. On January 25, 2011, I issued an Order concerning Plaintiff's request for additional discovery following the review of Defendant's motion for summary judgment. I granted Plaintiff's motion in part, and ordered Defendant to produce copies of the Performance Evaluations of Defendant's employees who received salary increases in April 2007, along with Plaintiff's own evaluations. Plaintiff now asks that I reconsider my ruling. For the following reasons, Plaintiff's motion is granted in part.

Salary Histories
Plaintiff asks that I require Defendant to provide salary histories of other employees of the Illinois Waste Management and Research Center ("WMRC"), particularly those that received salary increases in 2006 and 2007. Defendants have represented that they have already provided Plaintiff with all employees who received a salary increase in 2006 and 2007, the type of increase, and the reasons for the increase. If they have not done so already, I order Defendant to provide Plaintiff with all employees who received a salary increase in 2006 and 2007, the type of increase, and the reasons for the increase. To the extent that Plaintiff requests complete salary histories from such employees, I deny his request. Salary increases prior to 2007 are not relevant to this matter as Plaintiff had the opportunity to raise these issues in prior litigation.

**STATEMENT**

<u>Comparative Salary Information</u>
Plaintiff asks that I reconsider my prior ruling denying the production of comparative salary information from Malcolm Boyle ("Boyle") and Riyaz Schipchadler ("Schipchadler"). Plaintiff argues that he seeks this information to show that Plaintiff was "as qualified, capable and productive as [Boyle and Schipchadler], yet was underpaid in comparison to market." As an initial matter, Plaintiff is one payroll grade below Boyle. Similarly, Plaintiff is one payroll grade above Schipchadler. In prior litigation, this court found that Plaintiff was not similarly situated to Schipchadler. *Brown v. IDNR*, 2009 WL 311067, at *5 (N.D. Ill. 2009) (J. Shadur). As I stated in my prior ruling, direct salary-to-salary comparisons are not at issue in this litigation. Instead, the issue is whether or not Plaintiff was improperly denied a salary increase in 2007. Accordingly, I decline to order Defendants to answer Requests to Admit 36-51.

<u>Request for Market Equity Data</u>
Plaintiff has asked that Defendant provide him with the name, salary history, grade level, education, time-in grade for each grade level and hire date for any employee that Defendant terms as a long-term underpaid employee. In my prior Order, I noted that "Plaintiff fail[ed] to articulate how this information is relevant to his claim." Plaintiff now states that this is important because Program Manager Lindsey stated that long-term employees are significantly underpaid in relation to the market. Plaintiff argues that "WMRC allowed Plaintiff to go from 1998 to 2002 without significant salary increase and then from 2003 to 2004 with no salary increase." Plaintiff contends that he was the only long-term underpaid employee at WMRC in 2007, and that Lindsey's assertion that long-term employees are underpaid in relation to the market is a pretext for discrimination. Again, Plaintiff has already had the opportunity to litigate Defendant's failure to provide Plaintiff with a market equity increase. As I have previously noted, allegations as to a disparate pay system that existed prior to 2007 are foreclosed to Plaintiff. Though Plaintiff is barred from litigating disparity prior to 2007, he is entitled to raise whatever was in place in 2007. Accordingly, Defendant is ordered to provide Plaintiff the name, salary history, grade level, education, time-in grade for each grade level and hire date for any employee that Defendant terms as a long-term underpaid employee.

<u>Clarification Regarding Promotional Increases</u>
Plaintiff states that "the Court has been misinformed about the 2007 salary increases" because "[t]he idea being floated by Defendant is that everyone is getting his or her turn to be promoted." In my prior order, my use of the term "promotional increase" referred to a salary increase. Plaintiff is entitled to construct arguments to contest the correctness of such salary increases.

<u>Motion to Strike Portions of Katherine Day's Affidavit</u>
Plaintiff asks that I strike paragraph's 28-30 of Katherine Day's affidavit, which was put forth in support of Defendant's motion for summary judgment. Such argument is not properly brought in this motion for reconsideration, and I therefore do not consider Plaintiff's arguments.