UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ILLINOIS DEPARTMENT OF NATURAL RESOURCES,<br><br>　　　　Defendant. | No. 07 C 7080<br>Judge James B. Zagel |

### MEMORANDUM OPINION AND ORDER

Pro se plaintiff Jerry Brown brings this suit against the Illinois Department of Natural Resources ("IDNR"), alleging two violations of Title VII of the Civil Rights Act of 1964 ("Title VII," 42 U.S.C. §§ 2000e to 2000e-17): 1) that Defendant used a disparate pay system to discriminate against Plaintiff on account of his race, religion, national origin and ancestry/ethnicity; and 2) retaliation.

Defendant now moves for summary judgment on all counts. Consistent with his three prior Title VII lawsuits against IDNR, Plaintiff has failed to make out a prima facie case of discrimination.[1] Defendant's motion is granted.

---

[1] In January 2002, Brown filed suit against IDNR claiming IDNR failed to promote him based on his race and retaliated against him for complaining about discrimination. *Brown v. Ill. Dep't of Natural Res.*, 02 C 0398 (N.D. Ill. 2002) ("*Brown I*") (J. Nordberg). The district court granted summary judgment in favor of IDNR and the Seventh Circuit affirmed. *Brown v. Ill. Dep't of Natural Res.*, 499 F.3d 675 (7th Cir. 2007). In May 2005, Brown again filed suit against IDNR, alleging racial discrimination and retaliation based on a failure to promote. *Brown v. Ill. Dep't of Natural Res.*, 05 C 2460 (N.D. Ill. 2005) ("*Brown II*") (J. Shadur). The district court in *Brown II* granted summary judgment in favor of IDNR. In May 2007, Brown brought yet another Title VII suit with essentially the same claims. *Brown v. Ill. Dep't of Natural Res.*, 07 C 2808 (N.D. Ill. 2007) ("*Brown III*") (J. Holderman). The district court in *Brown III* granted summary judgment in favor of IDNR.

**I. PRELIMINARY ISSUES**

    A. Any Claims Arising Before September 2006 are Time-Barred; Claims That Have Been or Could Have Been Previously Litigated are Barred by Res Judicata

Plaintiff is time-barred from filing suit under Title VII for any discrete act about which he did not file an EEOC charge within the 300-day EEOC charging deadline. *Brown v. Ill. Dep't. of Natural Res.*, 499 F.3d 675, 680-81 (7th Cir. 2007). Plaintiff is also barred by res judicata from raising any claims that have been or could have been litigated in his three prior Title VII actions against Defendant. *Palka v. City of Chicago*, No. 09-C2042, 2011 WL 4921385, at *8 (7th Cir. Oct. 18, 2011). Thus, in this suit, Plaintiff's Title VII claims may pertain only to discrete acts for which he timely filed EEOC claims, that have not, and could not, have been raised in his prior lawsuits.

Plaintiff filed two EEOC charges that apply to this case, one in July 6, 2007 and one in February 9, 2008. Any claims he raises here must therefore be limited to discrete acts that took place between roughly September 12, 2006 and February 9, 2008.

**II. STATEMENT OF FACTS**

Plaintiff's entire employment history with IDNR has been described in his prior lawsuits; it need not be repeated here. I focus only on the relevant time period described above, as well as prior acts relevant to the Title VII analysis.

In November 1994, Plaintiff was hired by the IDNR's Waste Management and Research Center ("WMRC") as a Manufacturing Process Engineer (now called a Technology Evaluation Specialist). This position was slotted at the Assistant Professional Scientist payroll title. He held essentially the same title until December 2005, when he received a 5% promotional increase and

his payroll title was upgraded to Associate Professional Scientist. WMRC granted six other employees 5% promotional increases at the same time. All seven employees had become eligible for these routine payroll-track promotional increases at some point between 2003-2005 but did not receive them because a freeze on state employee salary increases was in place at the time. In December 2005 the freeze was lifted and the employees received their promotional increases.

On September 21, 2006, Plaintiff received his annual performance review from one of his supervisors, Dr. Timothy Lindsey. Plaintiff's overall rating in the performance review was "M–Meets Most Expectatons." Plaintiff claims that he deserved a higher rating and that "Meets Most Expections" reflects a discriminatory "downgrade."

In April and May 2007, Defendant gave 5% pay raises to at least seven employees. The Plaintiff did not receive this 5% pay raise. However, none of the employees who received the 2007 pay raise was given the 5% promotional increases that Plaintiff received in 2005. Defendant claims that the 2007 raises were given to "catch up" the employees who were passed over for promotional increases in 2005. Plaintiff denies this based on the fact that the 2007 salary increases were not termed "promotional increases." Plaintiff knows of no IDNR employees who received more than a 5% salary increase between 2005-2007. Nevertheless, Plaintiff argues that he was entitled to both the 2005 and 2007 pay increases, and that he was denied the 2007 increase due to the allegedly discriminatory downgrade he received in his 2006 performance evaluation and in retaliation for his previous Title VII lawsuits.

### III. STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

3

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The facts presented are to be construed in a light most favorable to the nonmoving party. *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

**IV. DISCUSSION**

    A. Discrimination on Account of Race, Religion, Age, National Origin and Ancestry

    Under Title VII, the Plaintiff-employee bears the burden of proving intentional discrimination. *See Brown*, 499 F.3d at 681-682. He may do so in one of two ways: "either by directly showing that [unlawful] discrimination motivated the employment decision, or, as is more common, by relying on the indirect, burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Id*. (internal quotations omitted). Plaintiff has not offered any evidence of direct discrimination so must proceed under the indirect method. To survive summary judgment under the indirect method, the employee must make a showing that he: (1) is a member of a protected group; 2) met his employer's legitimate expectations; (3) suffered an adverse employment action; and (4) was treated worse than similarly situated

4

employees outside the protected class. *Rodgers v. White*, No. 10-C3916, 2011 WL 4349464, at *5 (7th Cir. Sep. 2, 2011).

Plaintiff cannot make this showing. His theory that his 2006 performance evaluation was discriminatory and ultimately led to his not receiving the 5% pay raise in 2007 breaks down upon prongs three and four of the indirect method described above: Plaintiff has not suffered an adverse employment action, nor has he been treated differently than any other IDNR employee. Assuming that a rating of "meets most expectations" can be characterized as a negative performance evaluation–which makes little sense–"unfair reprimands or negative performance evaluations, unaccompanied by some tangible job consequence, do not constitute adverse employment actions." *Jones v. Res-Care, Inc.*, 613 F.3d 665, 671 (7th Cir. 2010). Plaintiff's theory that his 2006 evaluation was somehow tied to his not receiving a raise in 2007 is completely speculative. It is based on nothing more than the temporal proximity of the two events, and the Seventh Circuit has already rejected Plaintiff's attempts to make such tenuous links between performance appraisals and career advancement. *Brown*, 499 F.3d at 685.

But what's most damaging to Plaintiff's case is his nonsensical argument that receiving only one 5% pay increase between 2005-2007 constitutes an adverse employment action. He cannot point to a single IDNR employee who received both the 2005 and 2007 pay raise, but, somewhat astonishingly, insists that he is entitled to both. Plaintiff's argument boils down to a semantical quibble: since the 2007 pay raises were not called "promotional increases," as was Plaintiff's 2005 pay increase, he argues they must be some type of special raise to which he is entitled. In other words, he argues that Defendant's explanation for the 2007 raises–that they were "catching up" employees passed over in 2005–is a pretext.

5

This argument has no legs because Plaintiff has not presented any evidence to refute Defendant's non-discriminatory "catching up" explanation. *Id.* at 683. Defendant can call the pay increases whatever it likes so long as it is not giving them out in an arbitrary or discriminatory fashion, and there is absolutely no evidence to this effect. That a few individuals received special raises during this period, such as John Scott and Riyaz Shipchandler, does not change the analysis because Plaintiff was not similarly situated to them. *See Brown*, 499 F.3d at 682-83.

B. Retaliation

Under the anti-retaliation provision of Title VII, it is unlawful for an employer to discriminate against an employee for engaging in "protected activity," such as opposing employment practices made unlawful under Title VII or participating in a Title VII investigation. *Brown*, 499 F.3d at 684. As with discrimination, retaliation can be proven directly and indirectly. *Id*. Both require a showing that the employee suffered an adverse employment action. *Id*. As described above, Plaintiff cannot make this showing so his retaliation claim likewise fails.

**V. CONCLUSION**

This marks the fourth time in the past ten years that Plaintiff has brought factually similar Title VII claims against the IDNR, only to have them rejected at the summary judgment stage for failure to make out a prima facie case. By my measure, this is the weakest case yet. Indeed, this may have been an appropriate case in which to award Defendant attorneys' fees under Section 706(k) of Title VII. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (holding district courts may award attorneys' fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even

though not brought in subjective bad faith). However, Defendant does not ask for fees and I decline to award them sua sponte. Plaintiff should take this as a cautionary note to carefully consider whether he can clear the prima facie hurdle before filing another Title VII lawsuit.

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: November 8, 2011